[Crim. No. 1785. First Appellate District, Division Two.—May 25, 1934.]

THE PEOPLE, Respondent, v. JOHN ABREW, Appellant.

Leo A. Sullivan and A. K. Whitton for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—Appellant was tried before a jury and convicted of the crime of robbery. His appeal is taken from the judgment and from the order denying his motion for a new trial.

The evidence of the complaining witness is that as she left her car at a service station in the city of Oakland she saw the defendant walking toward her with a gun in his hand; that she started to run but tripped and fell, losing her purse; that the defendant picked up the purse and ran to an automobile which she identified as one which the defendant had been driving. The defendant admitted that he had been driving the particular car during the evening, but denied that he was at the place of the robbery. Two girl companions were brought to the stand to testify in the defendant's behalf that they were spending the evening with him at a bootlegging place at the time the robbery is said to have occurred.

The first point urged by the appellant is that his identification by the complaining witness was insufficient because the light was dim at the place where the robbery

occurred and also because her designation of the appellant at the time of the police lineup might have been suggested by police officers. These objections go to the weight which the jury might give to the testimony of the witnesses and they present no possible ground for even an argument on appeal.

The second point suggested by the appellant is that he was unduly restricted in his cross-examination of the complaining witness. The argument on this point is that when she first complained to the police of the robbery this witness said that the party accosting her looked like appellant's brother, but that when she saw appellant in the police lineup she positively identified him as her assailant. In his cross-examination of this witness the appellant had shown that she had had some measurements made of the distance between the place where her car was parked and an air pump so that she could testify regarding the distance the appellant stood from her when his face was reflected in the light of a near-by street lamp. All that was in any manner essential to this inquiry was brought out either by the state on direct examination or by the appellant on his cross-examination. The only questions to which objections were sustained in this part of the case were so trivial that no possible prejudice could be assigned to the rulings.

Finally it is suggested that the trial court committed error in admitting in evidence a letter written by the appellant to his mother. The writing of the letter was admitted. It contains a damaging admission by appellant of his commission of the crime charged. When it was offered in evidence the appellant made a general objection declaring it incompetent, irrelevant and immaterial. The objection was not good and the letter was properly admitted. Now, for the first time, the appellant argues that there is found in the letter an admission that the appellant had been guilty of another offense. The objection to that portion of the letter should have been made on that ground at the time it was offered.

There is no error in the record. The judgment and order denying a new trial are affirmed.

Sturtevant, J., and Spence, J., concurred.